UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DONALD & DEBRA GOSSAR, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   3:09-cv-9-RLY-WGH |
| | ) |
| SOO LINE RAILROAD COMPANY, DBA | ) |
| CANADIAN PACIFIC RAILWAY, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S
## MOTION FOR PROTECTIVE ORDER

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Defendant's Motion for Protective Order filed on September 18, 2009. (Docket No. 28). Plaintiffs filed their Response on September 28, 2009. (Docket No. 29). Defendant filed a Reply Brief on October 7, 2009. (Docket No. 30).

The Magistrate Judge, being duly advised, hereby **GRANTS, in part, and DENIES, in part,** the Defendant's Motion for Protective Order.

### Background

Pursuant to Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, Soo Line Railroad Company d/b/a Canadian Pacific Railway ("Canadian Pacific") seeks the entry of a protective order with regard to several deposition topics noticed by

Plaintiffs, Donald and Debra Gossar.[1]  Canadian Pacific argues that the topics requested are too broad or vague to be comprehensible, cumulative or duplicative of other discovery already produced, irrelevant to Plaintiffs' claims, or better answered through other means of discovery.

Rule 30(b)(6) addresses discovery (particularly depositions) directed to an organization.  It provides that a deposition notice "must describe with reasonable particularity the matters for examination," after which the organization "must then designate *one or more* officers, directors or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify."  FED. R. CIV. P. 30(b)(6)(emphasis added).  Then, the organization must prepare the designated individuals for their depositions so that they can "testify about information known or reasonably available to the organization."  *Id.*

While Rule 30(b)(6) allows for the deposition of an organization, the scope of such discovery is limited by Rule 26 which permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

---

[1] As Plaintiffs point out in their Response to Defendant's Motion for a Protective Order, "The [30(b)(6)] notice has never been formally served on Defendant . . . ."  Instead, Plaintiffs have only provided Canadian Pacific with a *proposed* notice.  Thus, technically, there is no justiciable controversy for the Magistrate Judge to resolve.  However, we see no reason why a decision should be withheld at this time given the added costs as well as the delay that would be involved if we were to order Plaintiffs to formally file a 30(b)(6) notice and then rule on the notice after the parties re-brief the issue.

FED. R. CIV. P. 26(b)(1).  Because these Rules implicate the legitimate privacy interests of litigants, Rule 26 further provides that a court, upon a showing of good cause, may enter a protective order to protect any party to a lawsuit from annoyance or embarrassment.  FED. R. CIV. P. 26(c).  Additional limitations are imposed on discovery, including Rule 30(b)(6) depositions, by Rule 26(b)(2)(C) which provides, in relevant part:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2)(C).  The burden lies with the party seeking the protective order to show good cause for the entry of the order by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."  *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n.16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).

## Discussion

Plaintiffs' proposed 30(b)(6) notice explicitly states that Canadian Pacific is to provide the "appropriate personnel" necessary to provide responses to the 30(b)(6)

notice and that "those persons" should be able to testify to "matters known or reasonably available" to them concerning 11 different subject matter areas. (Defendant's Motion for Protective Order at Exh. C (hereinafter "Proposed 30(b)(6) Notice"). Canadian Pacific objects for various reasons to each of these areas of inquiry.

**A.     Paragraph 1 of Plaintiffs' Proposed 30(b)(6) Notice**

First, in paragraph 1 of their Proposed 30(b)(6) Notice, Plaintiffs seek to depose Canadian Pacific concerning "[a]ll facts alleged by Defendant in its Answer and Affirmative Defenses." (Plaintiffs' Proposed 30(b)(6) Notice at 1). However, as noted above, a topic noticed for discussion in a 30(b)(6) deposition must be described with "reasonable particularity." Such a generic request as provided here is not appropriate. As this Magistrate Judge has explained in the past, a party "may not serve a Rule 30(b)(6) notice for the purpose of requiring [the opposing party] to marshal all of its factual proof and prepare a witness to be able to testify on a particular defense." *CSX Transp., Inc. v. Vela,* 2007 WL 3334966 at *4 (S.D. Ind. 2007). Paragraph 1 would require Canadian Pacific to marshal all of its factual proof and then provide it to Plaintiffs at the 30(b)(6) deposition. Therefore, the Motion for Protective Order is **GRANTED** as to this topic.

**B.     Paragraphs 2-5 of Plaintiffs' Proposed 30(b)(6) Notice**

Plaintiffs' next line of questioning in their Proposed 30(b)(6) Notice involves safety records of the crossing where Mr. Gossar was injured, including:

    2)    All facts related to or regarding any accident, incident, and/or malfunction that occurred at crossing 373030 W., Daviess County, Indiana at any time between January 1, 2002 and May 27, 2006 that in any way involved any safety or warning system located at that crossing.

    3)    All facts related to or regarding all the safety and/or warning system equipment or systems located at crossing 373030 W., Daviess County, Indiana as of May 8, 2006, including but not limited to date and facts of installation, date and facts of last inspection before May 8, 2006, date and facts of last maintenance before May 8, 2006, any inspection or test done between May 8, 2006 and May 27, 2006, and proper functioning specifications and standards.

    4)    All facts related to or regarding the maintenance, repair, upgrade, installation, service call, or other similar work performed on any warning system at crossing 373030 W., Daviess County, Indiana between January 1, 2002 and May 27, 2006.

    5)    All facts related to or regarding the proper functioning specification (including but not limited to the rate of raising and lowering and rate of flashing and sounding) for all safety and warning equipment and systems located at crossing 373030 W., Daviess County, Indiana as of May 8, 2006.

(Plaintiffs' Proposed 30(b)(6) Notice at 1-2). Canadian Pacific objects to these four deposition topics as over broad and excessively burdensome because the request includes a nearly five-year period and it notes that it will be "producing for deposition CP Rail Signal Maintainer Brent Mattox and (former) CP Rail Manager-Signals and Communications James Thomas who will be able to testify as to the operation, inspection, and maintenance of the warning devices at the subject crossing, including the details of the documents produced concerning the same." (Defendant's Motion for Protective Order at 7). The Magistrate Judge agrees that the time frame should be limited to all information on these four topics dating from May 27, 2004 (a more reasonable period of approximately two years). However, the

Magistrate Judge concludes that the incident involving Mr. Gossar implicates all of the safety-related topics that Plaintiffs raise in these four areas of inquiry and the requests are "reasonably particular" in that they are limited to the crossing at issue in this case. Therefore, Plaintiffs are entitled to a 30(b)(6) deposition of Canadian Pacific concerning these four topics; making Thomas and Mattox available for deposition will be sufficient only if they are able to testify on behalf of all of Canadian Pacific's knowledge of these subject matters. Canadian Pacific's Motion for Protective Order is **GRANTED, in part,** and Plaintiffs' Proposed 30(b)(6) Notice is **AMENDED** to limit inquiry into these four topics dating to May 27, 2004.

C.   **Paragraph 6 of Plaintiffs' Proposed 30(b)(6) Notice**

Next, Plaintiffs seek 30(b)(6) deposition testimony concerning:

6)   All facts related to or regarding any standard, guideline, plan, procedure, rule, regulation or other similar item regarding or relating to the time, speed, rate, distance or other unit of measurement related to the lowering and raising of railroad crossing arms, the sounding of train whistles or horns, and/or the flashing or signaling of signal lights and/or sounds at crossing 373030 W., Daviess County, Indiana that was in effect at any time between January 1, 2002 and May 27, 2006.

(Plaintiffs' Proposed 30(b)(6) Notice at 2). Canadian Pacific objects on the same grounds as their objection to topics two through five and also argues that "the sounding of train whistles or horns" is not at issue in this case. The Magistrate Judge again will limit this topic to information from May 27, 2004, and the Motion for Protective Order is **GRANTED** and Plaintiffs' Proposed 30(b)(6) Notice is **AMENDED** to limit inquiry into this topic dating to May 27, 2004. However, the sounding of train whistles or horns is simply one portion of Canadian Pacific's

-6-

entire warning system for people who attempt to cross their railroad crossings as trains are approaching.  Plaintiffs are entitled to the entire picture of what precautions Canadian Pacific takes in order to ensure that incidents, like the one that Mr. Gossar allegedly experienced, do not occur.  Hence, the portion of the Motion for Protective Order seeking exclusion of testimony about train whistles or horns is **DENIED.**

### D.     Paragraph 7 of Plaintiffs' Proposed 30(b)(6) Notice

Additionally, Plaintiffs' Proposed 30(b) Notice seeks to discover Canadian Pacific's knowledge of:

> 7)   Defendant's Answers to Interrogatories and Responses to Requests for Production of Documents (including documents produced) in this action, specifically:
> a.   How you arrived at the answer to interrogatory number 5 and all facts supporting your answer to that interrogatory;
> b.   With respect to your answer to interrogatory number 7, your understanding, interpretation, implementation, and procedures related to 23 C.F.R. part 234;
> c.   All facts related to your objection to Requests for Production 10 and 27.  Specifically, whether there are responsive documents to this request that do not contain information compiled or collected for the purpose of identifying, evaluating, or planning the safety enhancement of the railway crossing that is the subject of this litigation or for the purpose of developing a highway safety construction improvement project that may be implemented using federal funds;
> d.   All facts supporting your response to Request for Production 11; specifically, the meaning of your phrase "for which compliance with 49 C.F.R. § 225.1 would be required" and your understanding of when compliance with 49 C.F.R. § 225.1 is required;
> e.   All facts supporting your response to Request for Production 13; specifically, why you believe the request is "not applicable";

  f. All facts related to the Train Delay Report dated May 8, 2006 and produced by you in discovery;
  g. All facts related to the email dated May 8, 2006 from John Lewis to Steve Moerke and copied to Alice Ryan produced by you in discovery;
  h. All facts related to the Trouble Tickets dated May 8, 2006 produced by you in discovery;
  i. All facts related to the Standard Practice Circular – S&C No. 6 produced by you in discovery and which pertain to standards, practices, protocols, guidelines, and rules (i.e. how you generally go about maintenance, inspection, and testing of highway-railroad grade crossing warning systems in relation to the document);
  j. All facts related to the photographs produced by you in discovery; specifically, who took the photographs and when they were taken;
  k. All facts related to the maps and schematics produced by you in discovery; specifically, how the map and/or schematic is to be read and what it depicts, who created it, and when it was created;
  l. All facts related to the test summaries, test records, and maintenance records produced by you in discovery; specifically, what the notations on each mean, under what circumstance (i.e. practice, procedures, rule, or law) they were created, and the steps taken to ascertain the data contained on each (i.e. how did the author determine what was the correct notation or entry to make).

(Plaintiffs' Proposed 30(b)(6) Notice at 3). With respect to subsections a through e, the Magistrate Judge concludes that each of these requests seek legal conclusions about how Canadian Pacific answered certain interrogatories. The five topic areas implicate matters of attorney-client privilege/work product, and they are not discoverable in this manner. Therefore, Canadian Pacific's Motion for Protective Order is **GRANTED** as to subsections a through e.

  With respect to subsections f through i and l, Canadian Pacific has indicated that it is willing to produce deponents for each of these five topics. The Magistrate

Judge notes that each of these five requests were made with "reasonable particularity," and Canadian Pacific is required to produce a 30(b)(6) witness who can testify on behalf of Canadian Pacific (and not simply based on their own personal knowledge) about these subject matter areas. Canadian Pacific's Motion for Protective Order is **DENIED.**

With respect to subsection j, the Magistrate Judge concludes that, pursuant to Rule 26(b)(2)(C), a 30(b)(6) deposition is not the most convenient manner for discovering the name of the individual who took photographs and the date upon which they were taken. Thus, Canadian Pacific's Motion for Protective Order regarding this topic is **GRANTED.**

Finally, with respect to subsection k, the Magistrate Judge concludes that Canadian Pacific need not produce a 30(b)(6) witness to testify about the right of way maps, but must produce a witness for any schematic which pertains to the warning devices present at the subject crossing at the time of the accident. Plaintiffs are entitled to discovery of information that is "reasonably calculated to lead to the discovery of admissible evidence." The Magistrate Judge notes that the testimony concerning the "schematics" maps could lead to discovery of admissible evidence about the manner in which the warning devices at the crossing where Mr. Gossar was injured were intended to be installed and maintained. Canadian Pacific's Motion for Protective Order regarding this topic is **GRANTED, in part, and DENIED, in part.** A protective order is entered regarding the right of way maps.

### E.     Paragraphs 8-9 of Plaintiffs' Proposed 30(b)(6) Notice

Plaintiffs also seek deposition testimony from Canadian Pacific concerning:

8)   Any and all policies, procedures, practices, and/or standards of yours or to which you abide regarding receiving and processing complaints or notices of problems with a crossing safety or warning system including but not limited to record-keeping, inspection, investigation, reporting, or other related matters during the time period of January 1, 2002 to May 27, 2006.

9)   Any and all policies, procedures, practices, and/or standards of your [sic] or to which you abide regarding responding to any accident or incident at a crossing including but not limited to record-keeping, inspection, investigation, reporting, or other related matters during the time period of January 1, 2002 to May 27, 2006.

(Plaintiffs' Proposed 30(b)(6) Notice at 3). Canadian Pacific objects to this request, arguing that it is overly broad and that Plaintiffs have failed to state with reasonable particularity the topics about which they seek 30(b)(6) deposition testimony. The Magistrate Judge disagrees, subject to an adjustment that only those policies actually in effect for two years prior to this incident need to be examined. Plaintiffs are entitled to information, including the "policies, procedures, practices and/or standards," about how Canadian Pacific responds to complaints about its railway crossings and about how it responds to railway crossing accidents. Canadian Pacific's Motion for Protective Order is **DENIED.**

### F.     Paragraph 10 of Plaintiffs' Proposed 30(b)(6) Notice

Plaintiff's Proposed 30(b)(b) Notice also seeks deposition testimony of Canadian Pacific regarding:

10)  All reports or similar documents submitted to any governmental agency or that was required to be submitted to any government agency by you between January 1, 2002 and May 27, 2006

> related in any way to crossing 373030 W., Daviess County, Indiana, except those documents protected from discovery pursuant to 23 U.S.C. § 409.

(Plaintiffs' Proposed 30(b)(6) Notice at 3).  Again, the Magistrate Judge concludes that such a request for nearly four-and-a-half years of information is too broad and, therefore, concludes that the Motion for Protective order is **GRANTED** and Plaintiffs' Proposed 30(b)(6) Notice is **AMENDED** to limit inquiry into this topic dating to May 27, 2004.  The topic itself, however, is not too broad; Plaintiffs state with "reasonable particularity" the topic that Canadian Pacific should be ready to discuss at the 30(b)(6) deposition.  Plaintiffs are entitled to discover what Canadian Pacific was obligated to report to the government and what it actually did report concerning this railroad crossing.  To the extent that the Motion for Protective Order seeks protection from testimony regarding this topic, it is **DENIED.**

### G.    Paragraph 11 of Plaintiffs' Proposed 30(b)(6) Notice

Finally, Plaintiffs seek deposition testimony on the following:

> 11)   The reported observations of the incident from your employees and/or crew members that were on the train that crossed at crossing 373030 W., Daviess County, Indiana immediately after the subject incident and/or that responded to the scene of the subject incident and any communications and/or statements made by any such employees regarding or related to the subject incident.

(Plaintiffs' Proposed 30(b)(6) Notice at 3).  Canadian Pacific objects to this portion of the notice, arguing that a 30(b)6 deposition is not the proper and efficient manner for obtaining this information and that Plaintiffs can depose the crew members of the train that struck Mr. Gossar if they desire this information.  The Magistrate

-11-

Judge agrees with Canadian Pacific that Plaintiffs may depose crew members, and the employees' testimony about a particular incident (including what individual employees reported about the incident) is the best evidence of the facts surrounding the incident. Requiring a corporate representative to testify as to this information would be unduly duplicative. Canadian Pacific's Motion for a Protective Order on this issue is **GRANTED.**

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law.

**SO ORDERED.**

**Dated:** October 27, 2009

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Copies to:**

Rita Baldwin
BALDWIN LEGAL
100 East Main Street
PO Box 331
Odon, IN  47562

Sara R. Bradbury
LEWIS & KAPPES
sbradbury@lewis-kappes.com

Bruce A. Hugon
STUART & BRANIGIN
bah@stuartlaw.com

Timothy L. Stewart
LEWIS & KAPPES
tstewart@lewis-kappes.com

James E. Zoccola
LEWIS & KAPPES
jzoccola@lewis-kappes.com